UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| **RUSSELL LONG and JOHN SILVA,** | § | |
| **Individually and on behalf of all others** | § | |
| **similarly situated,** | § | **DOCKET NO. _____** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **RULE 23 CLASS ACTION** |
| | § | |
| **AES DRILLING FLUIDS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## CLASS ACTION COMPLAINT

### I.  SUMMARY

1.     Russell Long ("Long") and John Silva ("Silva") (collectively, "Plaintiffs") bring this class action lawsuit against AES Drilling Fluids, LLC ("AES") to recover unpaid overtime wages and other damages under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104. Plaintiffs also bring individual claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.     Plaintiffs worked for AES as Mud Engineers,[1] were paid a salary, worked in excess of 40 hours a week, and were not paid overtime compensation. Plaintiffs worked with numerous individuals who performed similar job duties and were subjected to the same illegal compensation practices which denied Plaintiffs overtime as required by the Ohio Wage Acts and PMWA. The

---

[1]     Mud Engineers are also sometimes referred to as Drilling Fluid Engineers. As used in this Complaint, the term "Mud Engineer" is intended to refer to both titles.

Ohio Acts and PMWA require employees who perform technical and manual labor job duties to be paid overtime for all hours worked in excess of 40 in a single workweek. This class action seeks to recover the unpaid overtime wages and other damages owed to these workers who worked for AES in the Commonwealth of Pennsylvania and Ohio.

## II.   JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). Additionally, this Court has supplemental jurisdiction over the Pennsylvania state law claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

4.      Venue is proper under 28 U.S.C. §§ 1391 (b) and (c) because AES resides in this District and Division with offices in Canonsburg, Pennsylvania and because a substantial part of the events giving rise to this claim occurred in this District and Division.

## III.   THE PARTIES

5.      Long worked for AES as a Mud Engineer during the relevant statutory time period. Throughout his employment with AES, Long was paid a salary with no overtime compensation even though he regularly worked an excess of forty (40) hours in a week. Long's written consent is attached as Exhibit A.

6.      Long is resident of and a citizen of the Commonwealth of Pennsylvania.

7.      Long brings this action on behalf of himself and all other similarly situated Mud Engineers who worked for AES in the Commonwealth of Pennsylvania without receiving overtime for hours worked in excess of forty (40) in a workweek (the "PMWA Class"). AES subjected the PMWA Class to the same PMWA violations as Long.

8.      The PMWA Class is therefore properly defined as:

> **All current and former Mud Engineers working as employees for AES Drilling Fluids, LLC in the Commonwealth of Pennsylvania during the past three (3) years.**

The members of the PMWA Class are easily ascertainable from AES's business records, particularly personnel records.

9.      Silva worked for AES as a Mud Engineer during the relevant statutory time period. Throughout his employment with AES, Silva was paid a salary with no overtime compensation even though he regularly worked an excess of forty (40) hours in a week. Silva's written consent is attached as Exhibit B.

10.      During his employment, Silva did work for AES in Ohio.

11.      Silva brings this action on behalf of himself and all other similarly situated Mud Engineers who worked for AES in the State of Ohio without receiving overtime for hours worked in excess of forty (40) in a workweek (the "Ohio Wage Act Class"). AES subjected the Ohio Wage Act Class to the same Ohio Wage Act violations as Silva.

12.      The Ohio Wage Act Class is therefore properly defined as:

> **All current and former Mud Engineers working as employees for AES Drilling Fluids, LLC in the State of Ohio during the past three (3) years.**

13.      The members of the Ohio Wage Act Class are easily ascertainable from AES's business records, particularly personnel records.

14.      AES Drilling Fluids, LLC may be served through its registered agent: **CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201**.

### IV.   COVERAGE UNDER THE FLSA

15.      At all times hereinafter mentioned, AES has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.     At all times hereinafter mentioned, AES has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17.     At all times hereinafter mentioned, AES has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18.     At all times hereinafter mentioned, Plaintiffs was engaged in commerce or in the production of goods for commerce.

## V.   FACTS

19.     Formed in 2006, AES is now a subsidiary of Canadian Energy Services. See http://www.canadianenergyservices.com/divisions.

20.     Over the past few years, AES acquired Fluids Management, Campion Drilling Fluids, Mega Fluids – Mid Continent, and Venture Mud, to make it one of the largest drilling fluids companies in North America. See http://aesfluids.com/.

21.     AES operates throughout the United States, including Pennsylvania and Ohio.

22.     AES provides products and services for complex subsurface conditions drilling with techniques such as horizontal, directional, geologically deep, and offshore drilling. See http://aesfluids.com/company_profile.html.

23.     Many AES employees are Mud Engineers. According to AES, "Mud engineer" is

the name given to an oil field service company individual who is charged with maintaining a drilling fluid or completion fluid system on an oil and/or gas drilling rig. This individual typically works for the company selling the chemicals for the job and is specifically trained with those products, though independent mud engineers are still common. AES employs qualified and experienced mud engineers throughout its entire organization." *See* http://aesfluids.com/drilling_fluids.html.

24.     Plaintiffs and members of the PMWA Class and Ohio Wage Act Class worked for AES in the Commonwealth of Pennsylvania and/or Ohio over the past three years as Mud Engineers.

25.     Plaintiffs and members of the PMWA Class and Ohio Wage Act Class were subjected to the same illegal pay practice for similar work.

26.     Specifically, AES paid Plaintiffs and members of the PMWA Class and Ohio Wage Act Class a salary and/or day rate, regardless of the number of hours that they worked each day (or in a workweek), and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

27.     Plaintiffs' primary job duties (and the primary job duties of the PMWA Class and Ohio Wage Act Class) included technical and manual labor duties such as collecting gas and oil samples, performing sample descriptions, and gathering, processing, and monitoring information related to drilling operations.

28.     AES typically scheduled Plaintiffs and members of the PMWA Class and Ohio Wage Act Class to work twelve (12) hour shifts, seven (7) days a week, but often required them to work more.

29.     Plaintiffs and members of the PMWA Class and Ohio Wage Act Class routinely

worked in excess of forty (40) hours each week.

30.     The job duties performed by Plaintiffs and members of the PMWA Class and Ohio Wage Act Class were routine and largely governed by standardized plans, procedures, and checklists created by AES and/or AES's clients.

31.     Virtually every job function was pre-determined by AES and its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

32.     AES prohibited Plaintiffs and members of the PMWA Class and Ohio Wage Act Class from varying their job duties outside of the pre-determined parameters.

33.     As the controlling law makes clear, AES's drilling fluids employees are non-exempt under the FLSA, Ohio Wage Act, and PMWA overtime payment requirements. Therefore, AES owes back overtime wages to Plaintiffs, individually, and to the all members of the PMWA Class and Ohio Wage Act Class.

## VI.    FLSA VIOLATIONS

34.     As set forth herein, AES violated the FLSA by failing to pay Plaintiffs overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

35.     AES knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Plaintiffs overtime compensation. AES's failure to pay overtime compensation to Plaintiffs was neither reasonable, nor was the decision not to pay overtime made in good faith.

36.     Accordingly, Plaintiffs are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.    CLASS ACTION ALLEGATIONS
### (PMWA)

37.    AES is subject to the overtime requirements of the PMWA because AES is an employer under 43 P.S. § 333.103(g).

38.    During all relevant times, Long and the PMWA Class were covered employees entitled to the above-described PMWA's protections.  See 43 P.S. § 333.103(h).

39.    AES's compensation scheme that is applicable to Long and the PMWA Class failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.43(b).

40.    Long's claims under the PMWA may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure. The Mud Engineers who worked for AES in Pennsylvania have a well-defined community of interest and they are readily ascertainable. Moreover, the requirements of Rule 23 are met with respect to each subclass.

41.    Numerosity: Upon information and belief, AES has employed more than 30 Mud Engineers in Pennsylvania in the past three years. These workers reside in a number of different states. Further, many of the Mud Engineers are current employees who may be reluctant to come forward because of fears of retaliation. Therefore, the joinder of all class members is impractical.

42.    Commonality:  The common issues of fact and law regarding the legality of AES's pay scheme predominate over any other issues in this case.

43.    Typicality:  Long's claims are typical of the claims of the other Mud Engineers who worked for AES.  Long alleges a common course of conduct (no overtime pay) that resulted in violations of the PMWA. Long and the other Mud Engineers have no antagonism or material conflicts.

44.    Adequacy:  Long will fairly and adequately represent and protect the interests of the Mud Engineers employed in Pennsylvania. Long is willing and able to vigorously prosecute

7

this action on behalf of the PMWA Class, and has retained competent counsel experienced in class action litigation.

45.     Certification of the PMWA claims is appropriate under FRCP 23(b)(3) because questions of law and fact common to these classes predominate over any questions affecting only individual members of either class. In fact, AES's payment scheme violates the PMWA with respect to each PMWA Class member for precisely the same reason.  The damages suffered by the individual Mud Engineers employed in Pennsylvania are small compared to the expense of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about AES's practices.

### VIII.     CLASS ACTION ALLEGATIONS
### (OHIO WAGE ACT)

46.     Silva's claims under the Ohio Wage Act may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure. The Mud Engineers who worked for AES in Ohio have a well-defined community of interest and they are readily ascertainable. Moreover, the requirements of Rule 23 are met with respect to each subclass.

47.     Numerosity: Upon information and belief, AES has employed more than 30 Mud Engineers in Ohio in the past three years. These workers reside in a number of different states. Further, many of the Mud Engineers are current employees who may be reluctant to come forward because of fears of retaliation. Therefore, the joinder of all class members is impractical.

48.     Commonality: The common issues of fact and law regarding the legality of AES's pay scheme predominate over any other issues in this case.

49.     Typicality: Silva's claims are typical of the claims of the other Mud Engineers who worked for AES.  Silva alleges a common course of conduct (no overtime pay) that resulted in

violations of the Ohio Wage Act. Silva and the other Mud Engineers have no antagonism or material conflicts.

50.     Adequacy: Silva will fairly and adequately represent and protect the interests of the Engineers employed in Ohio. Silva is willing and able to vigorously prosecute this action on behalf of the Ohio Wage Act Class, and has retained competent counsel experienced in class action litigation.

51.     Certification of the Ohio Wage Act claims is appropriate under FRCP 23(b)(3) because questions of law and fact common to these classes predominate over any questions affecting only individual members of either class. In fact, AES's payment scheme violates the Ohio Wage Act with respect to each Ohio Wage Act Class member for precisely the same reason. The damages suffered by the individual Mud Engineers employed in Ohio are small compared to the expense of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about AES's practices.

### IX.     CLASS ACTION ALLEGATIONS
### (UNJUST ENRICHMENT)

52.     AES has received and benefited from the uncompensated labors of Plaintiffs and members of the PMWA Class and Ohio Wage Act Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

53.     At all relevant times hereto, AES devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs and members of the PMWA Class and Ohio Wage Act Class without paying overtime compensation for all hours worked.

54.     Contrary to all good faith and fair dealing, AES induced Plaintiffs and members of the PMWA Class and Ohio Wage Act Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

55.     By reason of having secured the work and efforts of Plaintiffs and members of the PMWA Class and Ohio Wage Act Class without paying overtime compensation as required by law, AES enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and members of the PMWA Class and Ohio Wage Act Class.  AES retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

56.     Accordingly, Plaintiffs and members of the PMWA Class and Ohio Wage Act Class are entitled to judgment in an amount equal to the benefits unjustly retained by AES.

## X.     RELIEF SOUGHT

57.     WHEREFORE, Plaintiffs pray for judgment against AES as follows:

   a.     An Order certifying a Rule 23 class action on behalf of all Mud Engineers who worked for AES in Pennsylvania;

   b.     An Order certifying a Rule 23 class action on behalf of all Mud Engineers who worked for AES in Ohio;

   c.     Judgment awarding Plaintiffs unpaid back wages and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

   d.     Judgment awarding Long and the PMWA Class all unpaid overtime and other damages available under the PMWA;

   e.     For an Order awarding Silva and the Ohio Wage Act Class all unpaid

overtime and other damages available under the Ohio Wage Act;

f.      For an Order awarding Long and the PMWA Class their costs of this action;

g.      For an Order awarding Silva and the Ohio Wage Act Class their costs of this action;

h.      For an Order awarding Long and the PMWA Class their reasonable attorneys' fees and expenses as provided by the FLSA and PMWA;

i.      For an Order awarding Silva and the Ohio Wage Act Class their reasonable attorneys' fees and expenses as provided by the FLSA and Ohio Wage Act;

j.      Pre- and post-judgment interest at the highest rate allowable by law; and

k.      All such other and further relief to which Plaintiffs and the other Mud Engineers may show themselves to be justly entitled.


Respectfully submitted,

By: */s/ Joshua P. Geist*
     Joshua P. Geist
     PA. I.D. No. 85745
     **GOODRICH & GEIST, P.C.**
     3634 California Ave.
     Pittsburgh, PA 15212
     Tel: (412) 766-1455
     Fax: (412)766-0300
     josh@goodrichandgeist.com

     **AND**

Michael A. Josephson
State Bar No. 24014780
*(Pending Pro Hac Vice)*
Andrew W. Dunlap
State Bar No. 24078444
*(Pending Pro Hac Vice)*
Lindsay R. Itkin
State Bar No. 24068647
*(Pending Pro Hac Vice)*
Jessica M. Bresler
State Bar No. 24090008
*(Pending Pro Hac Vice)*
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
litkin@mybackwages.com
jbresler@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas State Bar No. 24001807
(*Pending Pro Hac Vice*)
James A. Jones
State Bar No. 10908300
(*Pending Pro Hac Vice*)
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
jjones@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**